FILED
United States Court of Appeals
Tenth Circuit

**January 24, 2014**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MADHAV SHARMA; LEYLA
SHARMA; SHRAYA SHARMA,

      Petitioners,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 13-9559
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

---

A married couple and their daughter came to the United States from Nepal.

Before coming here, the couple had been mistreated in Nepal, which they attribute

to the husband's membership in a political party opposed by the Maoists. The

Petitioners characterized the mistreatment as persecution and sought asylum, an

order restricting removal, and relief under the Convention Against Torture. When

---

[*]    All parties have waived oral argument. Thus, we have decided the appeal
based on the briefs.

    Our order and judgment does not constitute binding precedent except under
the doctrines of law of the case, res judicata, and collateral estoppel. But the
order and judgment can be cited for its persuasive value under Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

the immigration judge and the Board of Immigration Appeals rejected the claims, the three family members filed a petition for us to review the administrative decision.  We deny the petition.

Restriction on Removal and Relief
Under the Convention Against Torture

When the Petitioners appealed to the Board of Immigration Appeals, they did not refer to their claims involving restriction on removal and relief under the Convention Against Torture.  R. at 34.  As a result, the Attorney General argues that these claims cannot be considered.  Respondent's Br. at 14 (Sept. 18, 2013).  We disagree because the Board of Immigration Appeals addressed and decided these claims on the merits with a meaningful substantive discussion.  *Id.* at 10; *see Sidabutar v. Gonzales*, 503 F.3d 1116, 1118-22 (10th Cir. 2007).

Though we have jurisdiction to address these claims, the Petitioners have failed to present a meaningful argument.  In their statement of issues, the Petitioners refer to the agency's refusal to restrict removal or grant relief under the Convention Against Torture.  But these issues are not discussed again the Petitioner's brief.  Because the Petitioners have failed to present argument on these issues, we consider them waived.  *See, e.g.*, *Christian Heritage Academy v. Oklahoma Secondary School Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.").

## Asylum

In contrast, the Petitioners have argued that the Board erred in rejecting the request for asylum. We reject this argument.

Our threshold task is to define the claim. Though all of the petitioners seek asylum, the wife and daughter derive their claim from the husband's. *See* 8 U.S.C. § 1158(b)(3). Thus, for any of the petitioners to prevail, the husband had to prove refugee status. *See* 8 U.S.C. § 1158(b)(1)(A).

This status required the husband to prove that he was unable or unwilling to return to Nepal because of past persecution or a well-founded fear of persecution. *See* 8 U.S.C. § 1101(42). For either past or future persecution, however, the mistreatment must have been based largely on the husband's race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

The Board of Immigration Appeals found that the husband had not satisfied his burden of persuasion, and we must uphold the Board's factual determinations as long as they are supported by substantial evidence. *Ritonga v. Holder*, 633 F.3d 971, 974 (10th Cir. 2011). The evidence is considered "substantial" as long as "any reasonable adjudicator" could have arrived at the same findings. 8 U.S.C. § 1252(b)(4)(B).

A reasonable adjudicator would have had to assess the extent and cause of the persecution in light of testimony by the husband and wife.

The husband testified that he had been a long-standing member of a group opposed to the Maoists, that he had tried to motivate others about the party's goals, that he had been told that Maoists that his family would suffer if he continued to refuse to support the Maoists, that he had been shoved by about 25 Maoists during a trip to spread his political views, and that he had sent his son to study in India because of safety concerns.

The wife gave similar testimony. She referred to loud, threatening calls at home, intimidating questions at her shop, and injury to her son from 15-20 people with swords.

The immigration judge credited the couple's testimony, finding that the husband and wife were credible. But, the judge also found that the testimony had not satisfied the family's steep evidentiary burden. In making this finding, the immigration judge discounted the husband's shoving incident because it did not show persecution, regarded the Maoists' primary motivation to be financial rather than concern over the husband's political affiliation with a competing political party, and the injury to the son as separate from persecution against the three petitioners (the husband, wife, and daughter). The Board agreed with the immigration judge and dismissed the appeal.

We must uphold the Board's determination as long as another adjudicator could have reasonably arrived at the same result. Applying this deferential standard, we must uphold the Board's determination.

In challenging these findings, the Petitioners point to threats by the Maoists. But, "[t]hreats alone generally do not constitute actual persecution." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003).

The immigration judge acknowledged that some of the testimony went beyond threats. For example, the husband testified that he had been shoved when trying to voice support for his political views. But, as the immigration judge acknowledged, this incident took place twelve hours away from the family home.

Some of the testimony arguably covered physical intimidation based on the family's resistance to the Maoists' recruitment efforts. But again, the evidence did not compel a different result. Though the evidence could have suggested intimidation based on the family's political views, the immigration judge could also have inferred that the Maoists' motivation involved financial considerations rather than hostility to the husband's political opinions. *See Rivera-Barrientos v. Holder*, 666 F.3d 641, 646 (10th Cir. 2012) ("The Supreme Court has clarified that a group's attempt to coerceively recruit an individual is not necessarily persecution on account of political opinion.").

A reasonable adjudicator could have sided with the family on its request for asylum. But, a reasonable adjudicator could also have rejected the request. In these circumstances, our deferential standard of review requires us to deny the petition.

Entered for the Court


Robert E. Bacharach
Circuit Judge